UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA PORTER, | Case No. 2:16-cv-0633-APG-CWH |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| THE UNITED STATES OF AMERICA, *et al.*, | (ECF No. 14) |
| Defendants. | |

Plaintiff Joshua Porter, an employee of the National Park Service, was injured while he was on duty. He filed an administrative claim under the Federal Employees' Compensation Act (FECA) and subsequently filed this negligence lawsuit under the Federal Tort Claims Act (FTCA). The United States moves to dismiss his Amended Complaint because it is barred by the FECA. I agree.

The FECA is the workers' compensation program for federal employees. It governs the United States' obligation to pay compensation to federal employees for injuries or death sustained while in the performance of the employee's duty. 5 U.S.C. § 8102(a). The FECA includes the following exclusivity provision:

> The liability of the United States or an instrumentality thereof under this subchapter . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee . . . because of the injury or death in a direct judicial proceeding, in a civil action, . . . or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c). This provision was designed to bar suits against the government under other liability statutes, including the FTCA, for claims covered by the FECA. *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-194 (1983). Under the FECA, federal "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Id.*

Porter filed this lawsuit while his FECA claim was pending. "An injured federal employee may not bring an action under the FTCA if there is a substantial question as to whether his injuries are covered under FECA. . . . Therefore, before an action may be instituted under FTCA, the employee must first seek and be denied relief by the Secretary of Labor." *Reep v. United States*, 557 F.2d 204, 207 (9th Cir. 1977). *See also Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) ("If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction.").

Porter argues that the Department of Labor denied his FECA claim and therefore he may now sue under the FTCA. ECF No. 17 at 2, 7-8, 12. But the Department did not deny his claim because it was not covered under the FECA. Rather, Porter's claim was denied because he failed to substantiate it with evidence. *Id.* at 7-8. The Department notified Porter of the deficiencies in his claim and invited him to submit additional evidence. *Id.* Yet he failed to do so. The Department thus denied the claim for insufficient evidence. *Id.*[1]

Porter initially appealed the Department's denial of his claim, but he later withdrew his appeal, apparently in an ill-fated attempt to salvage this FTCA lawsuit.[2] But a claimant cannot circumvent the FECA process by failing to present sufficient evidence and not challenging the Department's denial of his claim. *Johle v. United States*, 2016 U.S. Dist. LEXIS 169341 *45 (D. N.M. Dec. 7, 2016); *Gagliardi v. United States*, 1991 U.S. Dist. LEXIS 947 *11 (E.D. Pa. 1991). That violates the statutory scheme because it would, in essence, allow the plaintiff to control the remedy and procedure in derogation of FECA's exclusivity provision. Because Porter has a colorable claim under the FECA, the court lacks jurisdiction over this FTCA lawsuit and must dismiss it. *Moe*, 326 F.3d at 1068.

---

[1] Although Porter does not explicitly ask me to review the Department's denial—which would be impermissible—the result he seeks from this lawsuit is substantially the same: to award damages where the Department did not. *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988) ("Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction.").

[2] Porter withdrew his appeal on December 28, 2016, nine days after the United States pointed out the FECA barrier to his lawsuit and two days before he filed his opposition to the United States' motion. ECF No. 17 at 12.

IT IS THEREFORE ORDERED that the United States' motion to dismiss **(ECF No. 14) is GRANTED** because this court lacks jurisdiction over the plaintiff's claim. The clerk of court shall enter judgment accordingly and close the case.

DATED this 11th day of January, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE