# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA PORTER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | Case No. 2:16-cv-00633-APG-DJA<br><br>**ORDER** |

This matter is before the Court on Defendant United States of America's Motion for Order to Compel Records (ECF No. 40), filed on July 24, 2019, and Motion for Leave to Supplement Motion ECF No. 40 (ECF No. 44), filed on August 14, 2019.

### I. BACKGROUND

Defendant United States of America requests an order compelling release of Plaintiff's medical records from four medical providers: Mayo Clinic, Cleveland Clinic, Mercy Clinic Gastroenterology, LLC, St. Louis County of Department of Public Health, and Washington University School of Medicine. In this action, Plaintiff Joshua Porter alleges negligence against the sole remaining Defendant, United States of America, for medical treatment he received after he was found unresponsive in his home on April 18, 2013. (ECF No. 1, Cmpt.). Defendant claims that Plaintiff was treated at the University Medical Center that day, and then subsequently, by the above-listed medical providers. Those medical providers will not release medical records and related radiology films without a subpoena given that Plaintiff has not provided a HIPAA authorization. Accordingly, Defendant requests that the Court compel those medical providers to release Plaintiff's medical records because there is no dispute Plaintiff's medical condition is at issue in this case and no dispute over the relevancy of the records sought.

## II. DISCUSSION

The HIPAA regulations permit a party to obtain relevant medical records for the purposes of litigation without requiring a signed authorization. *See Powell v. Texvans, Inc.*, No. 2:09-cv-01079-LDG, 2010 WL 4791507, at *2 (D. Nev. Nov. 18, 2010). Specifically, 45 C.F.R. § 164.512(e)(1)(i) provides that a covered entity may disclose protected health information in the course of any judicial or administrative proceeding in response to an order of a court or administrative tribunal - provided that the covered entity discloses only the protected health information expressly authorized by such order. Production of protected health information should only be made subject to a "qualified protective order" that means an order of the court or administrative tribunal that (A) prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested and (B) requires the return of the information to the covered entity or the destruction of the information at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(1)(v).

Here, the Court finds that Defendant is permitted to subpoena Plaintiff's medical records on the ground that such records may contain information relevant to Plaintiff's physical or mental condition on the day of the incident, April 18, 2013. Moreover, Plaintiff failed to file a response opposing Defendant's Motion to Compel, and therefore, consents to the granting of the Motion. Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). Defense counsel shall serve a subpoena duces tecum for production of Plaintiff Joshua Porter's medical files on the following medical providers: Mayo Clinic, Cleveland Clinic, Mercy Clinic Gastroenterology, LLC, St. Louis County of Department of Public Health, and Washington University School of Medicine. Further, the parties submit a qualified protective order consistent with 45 C.F.R. § 164.512(e)(1)(v) within fourteen days of this Order.

IT IS THEREFORE ORDERED that Defendant United States of America's Motion for Order to Compel Records (ECF No. 40) **is granted**.

IT IS FURTHER ORDERED that Defendant United States of America's Motion for Leave to Supplement Motion ECF No. 40 (ECF No. 44) **is granted**.

IT IS FURTHER ORDERED that the parties shall file a stipulated qualified protective order consistent with 45 C.F.R. § 164.512(e)(1)(v) to the Court by **Thursday, September 12, 2019**.

DATED: August 29, 2019

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE